### CITY OF NEW YORK v. FOSTER.

(Supreme Court, Appellate Term. May 23, 1911.)

1. MUNICIPAL CORPORATIONS (§ 603*)—BUILDING REGULATIONS—CONSTITUTIONALITY.

New York City Building Code, § 97, requiring all dumb-waiter shafts, except those not extending more than three stories above the basement in dwelling houses, to be inclosed in fireproof material, is constitutional.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 603.*]

2. MUNICIPAL CORPORATIONS (§ 603*)—BUILDING REGULATIONS—RETROACTIVE OPERATION.

New York City Building Code, § 97, requires "all dumb-waiter shafts," except such as do not extend more than three stories above the basement in dwelling houses, to be inclosed in brick walls or burnt clay blocks in iron frames, or such other fireproof material as may be approved by the commissioner of buildings, and section 1 contemplates that the following sections shall be applicable to "buildings or structures erected or to be erected," unless a different intention is expressed therein. *Held*, that section 97 was applicable to buildings erected before its enactment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 603.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the City of New York against Morton H. C. Foster. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Archibald R. Watson (John P. O'Brien and Samuel J. Parmenter, of counsel), for appellant.

Alexander, Cohn, Loudheim & Ettinger (Ira J. Ettinger, of counsel), for respondent.

SEABURY, J. This action was brought for the recovery of a penalty imposed by section 150 of the Building Code of the city of New York for a violation of the provisions of section 97 of said Code. Section 97 provides that "dumb-waiter shafts" in tenement houses shall be fireproof. The language of the section is that:

---

"All dumb-waiter shafts, except such as do not extend more than three stories above the cellar or basement in dwelling houses, shall be inclosed in suitable walls of brick or with burnt clay blocks, set in iron frames of proper strength or fireproof blocks strengthened with metal dowels, or such other fireproof material and form of construction as may be approved by the commissioner of buildings having jurisdiction."

[1] The opinion of the learned court below so fully and satisfactorily demonstrates the constitutionality and reasonableness of the provision of the Building Code which is set forth above, and that such provision has the force and effect of a statute, that it is unnecessary for us to discuss these features of the case.

[2] The only question which we now deem open to argument is as to the interpretation which is to be placed upon this provision. The learned court below was of the opinion that the section was not applicable to buildings which were erected before its enactment. It is conceded that the building of defendant was erected before the section quoted was enacted. We do not agree with the opinion of the court below that this provision of the Building Code applies to "all dumb-waiter shafts" in new buildings only. The language of section 1 of the Building Code is such as to indicate that the following sections were intended to be applicable to "buildings or structures erected or to be erected," unless a different intention was expressed in those sections. The language of the section in question is comprehensive, and embraces "all dumb-waiter shafts" in the city, except those expressly excepted by the language of that section.

We think that this provision should be given its natural and ordinary meaning, and that, as the provision is clear and unambiguous, it is unnecessary to resort to artificial rules of construction to aid us in arriving at its true meaning. If the lawmaking body had intended that this provision should not apply to "all dumb-waiter shafts" except those specifically excepted, we think it is reasonable to presume that such intention would have been expressed, and that the words "hereafter constructed," or other appropriate words, would have been selected for this purpose. The language of the Court of Appeals in Racine v. Morris, 201 N. Y. 240, 94 N. E. 864, in reference to section 95 of the Building Code, is applicable to the section under consideration. In that case the court said:

"Section 95 of the Building Code imposed likewise new duties upon the owners and occupants of buildings. * * * The section is in its nature and effect salutary and remedial. It was adopted in order that it might effect added and desired security and safety to lives and limbs. It is incumbent upon us to give it a construction as broad and liberal as a reasonable and fair understanding of its language will permit."

It is urged that to hold that this section applies to dumb-waiter shafts in buildings erected prior to the enactment of section 97 will impose a great hardship upon the owners of such property. The answer to this contention is that the necessity, wisdom, and expediency of the law is for the Legislature, and not for the judicial branch of the government, to determine. The lawmaking body, which had authority to legislate upon the subject, has determined that such a regulation was necessary for the protection of lives and the safety of

the large portion of the community who live in houses of the class specified in this section.

If, as we assume, this provision is necessary to protect the lives and safety of those who dwell in houses of this class, we can see no good reason for limiting its application to dumb-waiter shafts in new buildings. The same necessity would exist, and probably to a greater degree, for making the provision applicable to dumb-waiter shafts in old buildings. When we bear in mind the purpose of this enactment, we think it would be unreasonable to assume that the lawmaking body intended to afford the protection resulting from fireproofing dumb-waiter shafts only to those who live in new buildings erected after the enactment of this ordinance.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.